UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMIL LOUIS SZAFRANIEC,

        Petitioner,               Case Number: 06-CV-11124

v.                               HON. BERNARD A. FRIEDMAN

HAROLD WHITE,

        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Emil Louis Szafraniec has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, challenges his conviction for attempted false pretenses with intent to defraud over $20,000.  Petitioner has failed to exhaust his state court remedies with respect to all of the claims presented in his habeas petition.  The Court, therefore, shall dismiss the petition without prejudice.

**I.  Procedural History**

Petitioner pleaded guilty in Berrien County Circuit Court to attempted false pretenses with intent to defraud over $20,000.  On December 8, 2003, he was sentenced to forty to sixty months imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Corut of

Appeals, presenting the following claims:

    I.      Defendant-appellant Emil Szafraniec must be resentenced where the sentencing judge departed from the statutory sentencing guidelines range without articulating substantial and compelling reasons.

    II.     The Sixth Amendment and federal Due Process Clause preclude findings of fact at sentencing that are unsupported by a jury verdict or the admission of the defendant at a plea hearing minimally where, as here, the legislature has precluded any prison sentence in the absence of departure reasons.

The Michigan Corut of Appeals denied leave to appeal.  People v. Szafraniec, No. 258719 (Mich. Ct. App. Feb. 17, 2005).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented in the Michigan Court of Appeals.  The Michgian Supreme Court denied leave to appeal.  People v. Szafraniec, No. 128446 (Mich. Sept. 28, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

    I.      Jurisdictional error/defect; ineffective assistance of counsel.

    II.     Breach of plea agreement; ineffective assistance of counsel.

    III.    Brady rule violation; fundamental fairness; prosecutor misconduct; ineffective counsel.

    IV.    Denial of sentence allocution; ineffective counsel.

    V.     Racketeer Influenced and Corrupt Organizations.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner admits in his petition that he has failed to exhaust his state court remedies with respect to his first, second, third, and fifth claims. The Court also finds that Petitioner's fourth claim for habeas corpus relief is unexhausted. Michigan Court

Rules provide a process through which Petitioner may present his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Where a petition contains both exhausted and unexhausted claims, the Supreme Court has held that a district court may stay the mixed petition to allow a petitioner to present his unexhausted claims in state court and then return to federal court once the unexhausted claims have been exhausted. Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). In this case, the petition contains no exhausted claims over which the court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the

date Petitioner filed his petition, March 13, 2006, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300 F.3d at 718.

### III. Certificate of Appealability

Finally, the Court addresses whether Petitioner is entitled to the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision dismissing his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability

5

"should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

This Court finds that jurists of reason would not find its conclusion that the claims presented in the petition are unexhausted or that the appropriate remedy is dismissal without prejudice to be debatable or wrong. Therefore, Petitioner is not entitled to a certificate of appealability.

### IV.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from March 13, 2006, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

06-11124

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                        s/Bernard A. Friedman
                                    BERNARD A. FRIEDMAN
                                    CHIEF UNITED STATES DISTRICT JUDGE

DATE:   March   31, 2006